UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:06-cr-126-FtM-29DNF

TARSHA BROOKS

_____

**ORDER**

This matter comes before the Court on government's Motion to Seal (Doc. #80), received on August 28, 2013 and filed on September 12, 2013. The Court conducted a sealed hearing at which counsel for the government and counsel for defendant each agreed that the motion to seal should be granted. The Court disagrees.

There is a strong presumption of openness in criminal proceedings. United States v. Ignasiak, 667 F.3d 1217, 1238 (11th Cir. 2012)(citing United States v. Ochoa-Vasquez, 428 F.3d 1015, 1029-30 (11th Cir. 2005)). The Eleventh Circuit recently summarized the general principles concerning access to court records:

> We have discretion to determine which portions of the record should be placed under seal, but our discretion is guided by the presumption of public access to judicial documents. "What transpires in the court room is public property," Craig v. Harney, 331 U.S. 367, 374, 67 S. Ct. 1249, 1254, 91 L. Ed. 1546 (1947), and both judicial proceedings and judicial records are presumptively available to the public, Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). As Judge Easterbrook has explained, "Judges deliberate in private but issue public decisions after public arguments based on public records .... Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like

fiat and requires rigorous justification." <u>Hicklin Eng'g, L.C. v. Bartell</u>, 439 F.3d 346, 348 (7th Cir. 2006).

The right of the public to access judicial records is grounded in the common-law right of access. The Supreme Court has explained that there exists "a general right to inspect and copy public records and documents, including judicial records and documents," but that this common-law "right to inspect and copy judicial records is not absolute." <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978) (internal footnote omitted). Courts have discretion to determine which portions of the record, if any, should remain under seal, and this discretion is "to be exercised in light of the relevant facts and circumstances of the particular case." <u>Id.</u> at 599, 98 S. Ct. at 1312–13.

To determine the scope of the common-law right of access, which applies in both criminal and civil proceedings, we "traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the media and public presumptively have access to the former, but not to the latter." <u>Chicago Tribune</u>, 263 F.3d at 1311. We have explained that, at least in the context of civil proceedings, the decision to seal the entire record of the case—including the pleadings, docket entries, orders, affidavits, and hearing transcripts—must be "necessitated by a compelling governmental interest [ ] and [be] narrowly tailored to that interest." Id. (quoting <u>Wilson v. Am. Motors Corp.</u>, 759 F.2d 1568, 1571 (11th Cir. 1985)). When a party seeks to seal only particular documents within the record, our task is only "to balance the competing interests of the parties." <u>Id.</u> at 1312. "Our case law lists several relevant factors to consider, including 'whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, [and] whether access is likely to promote public understanding of historically significant events.'" <u>F.T.C. v. AbbVie Prods. LLC</u>, 713 F.3d 54, 62 (11th Cir. 2013) (quoting <u>Newman v. Graddick</u>, 696 F.2d 796, 803 (11th Cir. 1983)).

Perez-Guerrero v. U.S. Atty. Gen., 717 F.3d 1224, 1235-36 (11th Cir. 2013).  See also FTC v. Abbvie Prods. LLC, 713 F.3d 54, 61-64 (11th Cir. 2013).

The Court concludes that the government has not presented sufficient information to overcome the presumption of openness which applies to court records in a criminal case in general or to a request for a reduction of sentence in specific.  Therefore, the motion to seal will be denied.

Accordingly, it is now

**ORDERED**:

1. The government's Motion to Seal (Doc. #80) is **DENIED**.

2.  The sealed proceedings held on September 11, 2013, are hereby **UNSEALED**.

3. The government's Motion for Reduction in Sentence received on August 28, 2013, shall be docketed in the public record.

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of September, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
DCCD
Court Reporter